## Case No. 578.

### ASHCROFT v. CUTTER et al.

#### [6 Blatchf. 511.] [1]

Circuit Court, S. D. New York. July, 1869.

PATENTS FOR INVENTIONS—INFRINGEMENT—ANTICIPATION—BURDEN OF PROOF.

1. In an action for the infringement of a patent, the burden of showing, as a defence, that the patentee was a joint inventor, with some other person, of the thing patented, is on the defendant.

2. Where the oath of such alleged joint inventor was contradicted by that of the patentee, and the patentee was corroborated by the circumstances that he was a draughtsman and had taken out patents for several inventions made by him, and that the other person was not a draughtsman, or a designer, or an inventor, and had neglected, although eight years had elapsed since he knew of the patent, to apply for a patent himself for the invention, or to assert his right in the premises in any legal form, this court sustained the patent.

At law.

This was an action on the case, for the infringement of letters patent, granted to Arthur Neill, as inventor, January 22d, 1861, [No. 31,187,] for an "improvement in moulds for shaping india-rubber pencil heads," and

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

assigned to the plaintiff. By a stipulation in writing, it was tried before the court without a jury. The stipulation further provided, that, if the plaintiff had judgment, it should be for the sum of $10.000, and costs.

Albert Van Wagner, for plaintiff.

Williams, Bates & Bonney, for defendants.

BLATCHFORD, District Judge. If the patent is valid, the infringement is admitted. The novelty, utility and patentability of the invention are, also, admitted, and the only question at issue in the case is, whether Neill was the original and sole inventor of the improvement, or whether one Francis P. Hale was a joint inventor of it with Neill. The burden of proof is on the defendants, to overthrow the prima facie title conferred by the patent. The testimony of Hale is directly contradicted by that of Neill, in all its material points, while the surrounding circumstances, that Hale was not a draughtsman, or a designer, or an inventor, and that Neill was a draughtsman, and had taken out patents for several inventions made by him, and that Hale has always neglected, it being nearly eight years since he knew that Neill had taken out a patent for the invention in question, to apply for a patent himself therefor, or to assert his rights in the premises in any legal form, corroborate the oath of Neill.

I find for the plaintiff, for the sum of $10,000.

[NOTE. Patent No. 31,187, so far as known, has not been involved in any other cases reported prior to 1880.]